(No. 4804

New Hampshire Fire Insurance Company, A Corporation; and Granite State Fire Insurance Company, A Corporation, Claimants, vs. State of Illinois, Respondent.

*Opinion filed May 12, 1959.*

ARRINGTON AND HEALY, Attorneys for Claimants.

LATHAM CASTLE, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

WHAM, J.

Claimants in this case seek reimbursement for over-payment of 1952 taxes to the State of Illinois. As in the case of the *Calvert Fire Insurance Company*, Claimant, vs. *State of Illinois*, Respondent, No. 4805, in which we granted an award as of this date, no novel questions of law are involved, nor is there a dispute on the facts. Respondent has acknowledged the validity of the claims involved in this case. The Commissioner, who heard the case, has recommended the allowance of the claims, and we hereby adopt as our opinion in this case the following report of the Commissioner:

"Claimant, New Hampshire Fire Insurance Company, A Corporation, by Arrington and Healy, its attorneys, filed a complaint in the Court of Claims on January 27, 1958, which consists of Two Counts. Count I is in the name of the New Hampshire Fire Insurance Company, A Corporation, and Count II is in the name of The Granite State Fire Insurance Company, A Corporation.

In the New Hampshire Fire Insurance Company · case claimant alleges that during the year 1952 it received from the sale of fire insurance in the State of Illinois net taxable premiums, taxable under the provisions of the Illinois Insurance Code (Chap. 73, Sec. 409(1), Par. 1021(1), Ill. Rev. Stats., 1951), in the amount of $733,194.87, as set forth in its 1952 privilege tax statement filed with the Director of Insurance of the State of Illinois, a copy of which statement was attached to said complaint and marked exhibit A.

Said taxable premiums, when assessed at the applicable premium tax rate of 2%, produced a tax of $14,663.90 before allowance for deductions authorized by Sec. 409(2) of the Illinois Insurance Code, (Chap. 73, Par. 1021(2), Ill. Rev. Stats., 1951), and pursuant to said statute claimant claimed and allowed credit for deductions, representing amounts paid by claimant for the benefit of organized fire departments in cities, villages, incorporated towns and fire protection districts of the State of Illinois.

$780.14 was paid by claimant's Cook County Manager's Office, and

$2,101.47 was paid through the Home Office of claimant, as set forth in line 5 of exhibit A, making a total of $2,881.61. Claimant deducted said sum of $2,881.61 from its tax in the amount of $14,663.90, and paid the Director of Insurance of the State of Illinois the resultant sum of $11,782.29 as and for its 1952 premium tax for the privilege of doing business in the State of Illinois. (A photostatic copy is attached, and marked exhibit C.)

During the year of 1952, claimant paid to the City of Chicago 2% of its gross receipts of premiums received for fire insurance upon property situated within the municipality during the said year as tax for the benefit of the Chicago Fire Department, pursuant to Art. 38, Sec. 1 of the Cities and Villages Act, (Chap. 24, Par. 38-1, Ill. Rev. Stats., 1951, and Chap. 131-2 of the Municipal Code of Chicago, said payments amounting to $2,728.91. (Photostatic copy of said receipt is marked and attached to said complaint as exhibit D.)

Claimant inadvertently failed to include said sum in the entry on line 5 of the aforesaid tax statement, (exhibit No. 1), or otherwise to deduct such payment from its 1952 privilege tax.

Pursuant to the aforementioned provisions of Sec. 409(2) of the Illinois Insurance Code (Chap. 73, Par. 1021(2), Ill. Rev. Stats., 1951), claimant is entitled to a deduction from its premium privilege tax for all sums paid to municipalities for fire department taxes, and, therefore, is entitled to an additional deduction in the amount of $2,728.91 from its premium privilege tax (in addition to the amounts set forth in paragraph 3 hereof), totaling $2,881.61.

Claimant alleges that there is no provision under the laws of the State of Illinois for reimbursement for the foregoing overpayment of its 1952 premium privilege tax in the aforesaid amount of $2,728.91, except through recourse in the Court of Claims.

Claimant conferred with the Director of Insurance of the State of Illinois and its authorized representatives, and has presented to said persons the facts alleged. The Director of Insurance and his duly authorized representatives have confirmed that they are without legal authority to refund the foregoing payments, and have stated that recovery of the same can be solicited only through the Court of Claims in a formal complaint. Claimant stated that this cause of action was previously presented to the Court of Claims under Case No. 4629, and that on November 9, 1954 the Court of Claims denied recovery.

Claimant further states that it is entitled to recover herein by reason of the amendments to Sections 8 and 22 of "An Act to create the Court of Claims". The Act, entitled "Senate Bill No. 691", and approved by the 70th General Assembly on July 11, 1957, provides in subsection F of Section 8:

'All claims for recovery of overpayment of premium taxes or fees or other taxes by insurance companies made to the State resulting from failure to claim credit allowable for any payment made to any political subdivision or instrumentality thereof. Any claim in this category,

which arose after July 15, 1945 and prior to the effective date of this amendatory Act, may be prosecuted as if it arose on the effective date of this amendatory Act without regard to whether or not such claim has previously been presented or determined.' ·

Therefore, the New Hampshire Fire Insurance Company, A Corporation, requested judgment against respondent, the State of Illinois, in the amount of $2,728.91.

Count II is the claim of the Granite State Fire Insurance Company, A Corporation, by Arrington and Healy, its attorneys, who allege that it is a duly organized insurance company, licensed to transact fire insurance business in the State of Illinois; and, that during the year of 1952 claimant received from the sale of fire insurance in the State of Illinois net taxable premiums, taxable under the provisions of the Illinois Insurance Code, in the amount of $106,313.38, as set forth in its 1952 privilege tax statement filed with the Director of Insurance of the State of Illinois, a copy of which was attached to the complaint and marked exhibit B.

Said net taxable premiums, when assessed at the applicable premium tax rate of 2%, produced a tax of $2,126.27 before the allowance of deductions authorized by Sec. 409(2) of the Illinois Insurance Code (Chap. 72, Par. 1021(2), Ill. Rev. Stats., 1951). Pursuant to said statutory section, claimant claimed and was allowed credit deductions, representing amounts paid by claimant for the benefit of organized fire departments in cities, villages, incorporated towns and fire protection districts of the State of Illinois, in said amount, totaling $464.69. (See line 5 of exhibit B.)

Claimant deducted said sum of $464.69 from its tax in the amount of $2,126.27, and paid to the Director of Insurance of the State of Illinois the resultant sum of $1,661.58 as and for the 1952 premium tax privilege of doing business in this State. (Photostatic copy of check attached, and marked exhibit E.)

During the year of 1952, claimant paid the City of Chicago 2% of its gross receipts of premiums received from fire insurance on property situated in that municipality. Said tax was for the benefit of the Chicago Fire Department, pursuant to Art. 38, Sec. 1 of the Cities and Villages Act, said payment amounting to $743.11. (Photostatic copy of receipt of payment is attached and marked exhibit F.) Said claimant inadvertently failed to include said sum in the entry on line 5 of the aforesaid statement (exhibit B), or otherwise to deduct such payment from its 1952 privilege tax.

Pursuant to the aforesaid provisions of Sec. 409(2) of the Illinois Insurance Code, claimant is entitled to take deductions from its premium privilege tax for all the sums paid to municipalities for fire department taxes, and is, therefore, entitled to an additional deduction in the amount of $743.11.

Claimant further states that it is entitled to recovery herein by reason of the amendments to Sections 8 and 22 of "An Act creating the Court of Claims". The Act, entitled "Senate Bill No. 691", approved by the 70th General Assembly, was cited above in the New Hampshire Fire Insurance Company case.

Claimant, therefore, makes claim against the State of Illinois in the amount of $743.11.

Your Commissioner set this case for hearing on the 20th day of November, 1958 at 160 North LaSalle Street, Chicago, Illinois, and respondent, State of Illinois, in a stipulation, which was filed with your Commissioner, agreed that, if Mr. H. C. Ferry, Secretary of the New Hampshire Fire Insurance Company, was present, he would testify that during the year of 1952 claimant received from the sale of fire insurance in the State of Illinois net taxable premiums in the amount of $733,194.87, as set forth in the 1952 privilege tax statement filed with the Director of Insurance of the State of Illinois, a copy of which was attached to the stipulation and marked exhibit A; and, that said net taxable premiums, when assessed at the applicable premium tax rate of 2%, produced a tax of $14,663.90 before allowance of deductions in accordance with the Illinois Insurance Code. Therefore, the amount due the New Hampshire Fire Insurance Company, A Corporation, would be $780.14 paid by the Cook County Manager's Office, and $2,101.47 paid by the Home Office, which makes a total of $2,881.61.

Your Commissioner has examined all of the exhibits and the stipulation, and recommends that an award be made in the amount of $2,881.61 to the New Hampshire Fire Insurance Company, and $743.11 to the Granite State Fire Insurance Company, A Corporation."

It is, therefore, ordered that an award be made to the New Hampshire Fire Insurance Company, A Corporation, in the amount of $2,881.61, and an award be made to the Granite State Fire Insurance Company, A Corporation, in the amount of $743.11.